MARGARET A. MCLETCHIE, Nevada Bar No. 10931
ALINA M. SHELL, Nevada Bar No. 11711
**MCLETCHIE LAW**
701 East Bridger Ave., Suite 520
Las Vegas, Nevada 89101
Telephone: (702) 728-5300
Facsimile: (702) 425-8220
Email: maggie@nvlitigation.com
Email: alina@nvlitigation.com

ADAM HOSMER-HENNER, ESQ., Nevada Bar No. 12779
PHILIP MANNELLY, ESQ., Nevada Bar No. 14236
CHELSEA LATINO, ESQ., Nevada Bar No. 14227
**McDONALD CARANO LLP**
100 W. Liberty Street, Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
Email: ahosmerhenner@mcdonaldcarano.com
Email: pmannelly@mcdonaldcarano.com
Email: clatino@mcdonaldcarano.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CARL HENRY OLSEN, III, | **Case No.: 3:18-cv-00149-MMD-CLB** |
| Plaintiff, | **MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF** |
| vs. | |
| ROMEO ARANAS, et al., | |
| Defendants. | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Pursuant to Nevada Rule of Professional Conduct 1.16 and Local Rule LR IA 11-6, Margaret A. McLetchie and Alina M. Shell of the law firm MCLETCHIE LAW and Adam Hosmer-Henner, Philip Mannelly and Chelsea Latino of the law firm McDONALD CARANO LLP, hereby move to withdraw as counsel for Plaintiff Carl Henry Olsen, III. This motion is made and based upon the attached memorandum of points and authorities and any such argument and evidence as may be presented at the hearing on this motion, should one occur.

Respectfully submitted this 5th day of January, 2021.

*/s/ Margaret A. McLetchie*
MARGARET A. MCLETCHIE, Nevada Bar No. 10931
ALINA M. SHELL, Nevada Bar No. 11711
**MCLETCHIE LAW**
701 E. Bridger Avenue, Suite 520
Las Vegas, NV 89101
Telephone: (702) 728-5300; Fax (702) 425-8220
Email: maggie@nvlitigation.com


ADAM HOSMER-HENNER, ESQ., NSBN 12779
PHILIP MANNELLY, ESQ., NSBN 14236
CHELSEA LATINO, ESQ., NSBN 14227
**McDONALD CARANO LLP**
100 W. Liberty Street, Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
Email: ahosmerhenner@mcdonaldcarano.com

## DECLARATION OF MARGARET A. MCLETCHIE
## IN SUPPORT OF MOTION TO WITHDRAW

Under penalty of perjury, I, Margaret A. McLetchie, declare in support of this Motion to Withdraw as counsel of record in the instant matter as follows:

1. I am an attorney duly licensed to practice before all courts in the State of Nevada, am the owner of McLetchie Law Group, PLLC ("McLetchie Law"), and am one of the attorneys for Plaintiff in the instant matter. Alina M. Shell of McLetchie Law is also an attorney for Plaintiff, as is Adam Hosmer-Henner, Phillip Mannelly, and Chelsea Latino of McDonald Carano LLP.

2. Counsel for Plaintiff has determined that continued representation of Plaintiff in his individual matter is likely to conflict with their continuing obligations under the Consent Decree entered by the district court on October 29, 2020 in *In Re: HCV Prison Litigation*, 3:19-cv-00577-MMD-CLB to act as monitoring counsel to ensure that the Nevada Department of Corrections complies with the terms of the Consent Decree. (Case No. 3:19-cv-00577-MMD-CLB at ECF No. 80.)

3. Plaintiff's last known address is Lovelock Correctional Center, 1200 Prison Road, Lovelock, Nevada 89419.

4. Plaintiff was notified by a letter sent on December 11, 2020 to the above-listed address of our intent to withdraw in this matter. No response has been received from Plaintiff as of January 5, 2021.

5. Counsel for Defendants were notified of our intent to withdraw as counsel for Plaintiff on November 30, 2020. (*See* ECF No. 20 (status report stating indicating counsel intend to withdraw from representation).) Defendants have not expressed an objection to withdrawal as of January 5, 2021.

/ / /
/ / /
/ / /
/ / /
/ / /

6.     On January 5, 2021, correspondence regarding counsels' withdrawal from this matter was sent to Plaintiff at the aforementioned address, along with a copy of the instant motion.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 5th day of January, 2021.


                                        */s/ Margaret A. McLetchie*
                                        MARGARET A. MCLETCHIE, Nevada Bar No. 10931

# MEMORANDUM OF POINTS AND AUTHORITIES

**I.  This Court Should Grant the Instant Motion to Withdraw as Counsel of Record for Plaintiff.**

As set forth in the attached declaration of counsel, notice of the instant motion was provided to Plaintiff and all other parties on January 5, 2021 and notice of the intent to file the instant motion was provided in November and December 2020. Counsel have good cause to withdraw as counsel in this matter pursuant to Nevada Rule of Professional Conduct ("NRPC") 1.16, which provides in pertinent part that a lawyer may withdraw from representation of a client if:

> (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) The client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;
>
> (5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) Other good cause for withdrawal exists.

NRPC 1.16(b). Withdrawal in the instant matter is appropriate because other "good cause to withdraw exists." Specifically, counsel is unable to continue representation because of the potential for a conflict of interest between continuing representation of Plaintiff's individual case and class counsel's obligations as monitoring counsel in the *In Re: HCV Prison Litigation* matter. Pursuant to NRPC 1.7(a)(2), a concurrent conflict of interest exists if "[t]here is a significant risk that the representation of one or more clients will be materially

limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."

The attorneys listed in the attached declaration of counsel acted as class counsel in *In Re: HCV Prison Litigation*, Case No. 3:19-cv-00577-MMD-CLB, a class action lawsuit challenging the Nevada Department of Corrections' ("NDOC") policy of delaying or denying direct-acting antiviral to incarcerated people with chronic Hepatitis C virus ("HCV"). Class counsel filed a class action complaint and a motion seeking certification as a class pursuant to Fed. R. Civ. P. 23(b)(2)2 on December 9, 2019. (Case No. 3:19-cv-00577-MMD-CLB, ECF Nos. 10 and 11.) The Court subsequently entered an order granting the plaintiffs' motion for class certification on February 18, 2020. (Case No. 3:19-cv-00577-MMD-CLB, ECF No. 21.)

Following phased discovery, the parties participated in a three-day settlement conference. (Case No. 3:19-cv-00577-MMD-CLB, ECF Nos. 54, 55, and 59.) At the end of the settlement conference, the parties reached an agreement as to the terms of a Consent Decree whereby (1) all inmates in the custody of NDOC will be tested for HCV in 2020; (2) effectively all of the highest-priority inmates will receive Direct-Acting Antiviral ("DAA") treatment within six months of the approval of the Consent Decree; and (3) 1,200 inmates with HCV will receive DAA treatment within the first year and a total of 2,400 inmates with HCV will receive this cure within the first three years after the approval of the Consent Decree. (Case No. 3:19-cv-00577-MMD-CLB, ECF No. 80 (Consent Decree).) As part of that Consent Decree, class counsel agreed to monitor NDOC's compliance with the proposed Consent Decree for the entire four-year term of the Consent Decree. (*Id.* at pp. 8:21-9:16 (outlining the obligations of monitoring counsel).)

As monitoring counsel, counsel's overriding obligation is to ensure that the government defendants in Case No. 3:19-cv-00577-MMD-CLB comply with the Consent Decree and provide DAA treatment in the time, order, and manner required by the Consent Decree's terms across the State. In other words, monitoring counsel will have a four-year obligation to serve the class with respect to the Consent Decree. Counsel has determined that

6

1  it is highly probable that prosecuting Plaintiff's claims against Defendants in the instant
2  matter may require counsel to interpret, advocate against, or challenge the terms of the
3  Consent Decree. This would create an irreconcilable conflict of interest. Counsel has a long-
4  term duty to ensure that NDOC strictly adheres to the Consent Decree and provides testing
5  and treatment for HCV to thousands of incarcerated people. Thus, counsel cannot fulfill their
6  duties under the Consent Decree while simultaneously representing discrete individuals in
7  separate litigation involving potential challenges to the Consent Decree.

8        Additionally, the District Court consolidated this case into Case No. 3:19-cv-
9  00577-MMD-CLB on "issues regarding the adoption, implementation, amendment, and
10 appropriateness of MD 219 (in all its iterations) and the treatment protocols established by
11 the policy for inmates diagnosed with HCV." ECF No. 16. These issues have been largely
12 resolved in the Consolidated Action, meaning that there are no longer common issues
13 between the multiple cases for which counsel was appointed as pro bono counsel. For counsel
14 to continue representing Plaintiff in this action along with the eight other actions, which now
15 no longer involve common issues of fact or law, would constitute an unreasonable financial
16 burden and hardship on counsel. NRCP 1.16(6).

17       LR IA 11-6(b) provides, "If any attorney seeks to withdraw after appearing in a
18 case, the attorney must file a motion or stipulation and serve it on the affected client and
19 opposing counsel." Furthermore, LR 11-6(e) provides that "no withdrawal or substitution
20 will be approved if it will result in delay of discovery, the trial, or any hearing in the case."
21 No delay or minimal delay will result given the previous stay of this case due to the
22 Consolidated Action. Substitution of new counsel, if any, will not affect trial or any hearings
23 in this matter. Accordingly, the Court should permit counsel to withdraw from representing
24 Plaintiff in the instant matter. As noted in the status report filed with this Court on November
25 30, 2020 (ECF No. 20), counsel have been working with the Legal Aid Center of Southern
26 Nevada to identify replacement counsel for Plaintiff.

27 / / /
28 / / /

7

## II. CONCLUSION

For the foregoing reasons, undersigned counsel respectfully requests this Court enter an order approving Margaret A. McLetchie, Alina M. Shell, Adam Hosmer-Henner, Philip Mannelly and Chelsea Latino's withdrawal as counsel for Plaintiff Carl Henry Olsen, III.

Respectfully submitted this 5th day of January, 2021.

*/s/ Margaret A. McLetchie*
MARGARET A. MCLETCHIE, Nevada Bar No. 10931
ALINA M. SHELL, Nevada Bar No. 11711
**MCLETCHIE LAW**
701 E. Bridger Avenue, Suite 520
Las Vegas, NV 89101
Telephone: (702) 728-5300; Fax (702) 425-8220
Email: maggie@nvlitigation.com
Email: alina@nvlitigation.com


ADAM HOSMER-HENNER, ESQ., NSBN 12779
PHILIP MANNELLY, ESQ., NSBN 14236
CHELSEA LATINO, ESQ., NSBN 14227
**McDONALD CARANO LLP**
100 W. Liberty Street, Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
Email: ahosmerhenner@mcdonaldcarano.com
Email: pmannelly@mcdonaldcarano.com
Email: clatino@mcdonaldcarano.com