UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARL HENRY OLSEN, III,<br>       Plaintiff,<br> v.<br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br>       Defendants. | Case No. 3:18-cv-00149-MMD-CLB<br><br>ORDER |

**I. SUMMARY**

*Pro se* Plaintiff Carl Olsen, III, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), filed a first amended civil rights complaint against Defendants Romeo Aranas, Rusty Donnelly, and Jonathan Perry under 42. U.S.C. § 1983. (ECF No. 4.) Olsen alleges that Defendants violated his Eighth Amendment rights when they were deliberately indifferent to his Hepatitis-C ("Hep-C") condition. On September 22, 2021, Olsen filed a motion for summary judgment.[1] (ECF No. 50.) In response, Defendants filed a cross-motion for summary judgment. (ECF No. 55.)

Before the Court is the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin. (ECF No. 58 ("R&R").) The R&R recommends that Olsen's motion for summary judgment be denied and that Defendants' motion for summary judgment be granted. Olsen timely filed an objection to the R&R. (ECF No. 59 ("Objection").)[2] Because the Court agrees with Judge Baldwin, and as further explained below, the Court overrules Olsen's Objection, adopts the R&R in full, and grants summary judgment in favor of Defendants.

---

[1] Defendants filed a response. (ECF No. 51 ("Response").) The Court notes that Defendants' Response is the same document as Defendants' cross-motion for summary judgment. (ECF No. 55.) Olsen filed a reply to the Response. (ECF No. 56 ("Reply").)

[2] Defendants filed a response. (ECF No. 60.)

## II. BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of the factual background provided in the R&R, which the Court adopts here. (ECF No. 58 at 1-2.)

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because Olsen filed an Objection. (ECF No. 59.)

### B. Summary Judgment

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See*

*Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56 of the Federal Rules of Civil Procedure, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Anderson*, 477 U.S. at 252.

**IV.    DISCUSSION**

Following a *de novo* review of the R&R and other records in this case, the Court finds good cause to accept and adopt Judge Baldwin's R&R in full. Judge Baldwin recommends Olsen's motion for summary judgment be denied because he has not met his burden of establishing Defendants were deliberately indifferent to his Hep-C condition. (ECF No. 58 at 7-10.) More specifically, Olsen did not come forward with evidence to create an issue of fact as to whether Defendants deliberately denied, delayed, or intentionally interfered with a treatment plan. (*Id.*) Judge Baldwin also recommends Defendants' motion for summary judgment be granted as Defendants submitted evidence establishing that they affirmatively monitored and ultimately treated Olsen's Hep-C condition. (*Id.*)

In his Objection, Olsen makes the following three arguments: (1) Judge Baldwin's finding of fact were clearly erroneous; (2) granting Defendants' motion for summary judgment is in error and contrary to controlling law; and (3) Olsen was not provided notice

3

that Defendants filed a motion for summary judgment.[3] (ECF No. 59 at 4-12.) The Court will first set forth the legal standard for deliberate indifference and then address Olsen's three arguments below in turn.

### A.     Deliberate Indifference Standard

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he or she acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted).

When an inmate alleges that delay of medical treatment evinces deliberate indifference, the inmate must show that the delay led to further injury. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

---

[3]The Court notes that although Olsen frames his arguments around "clear error," the Court reviews the R&R *de novo* and not for clear error.

"[S]hort delays in providing care are often not actionable." *Perez v. Brady*, Case No. 19-cv-04309, 2020 WL 2441434, at *5 (C.D. Cal. Mar. 16, 2020) (collecting cases), *adopted by* 2020 WL 2395210 (C.D. Cal. May 12, 2020). For example, "a one time delay in providing insulin which resulted only in feelings of nausea, sickness, and muscle cramps is insufficient to establish substantial harm as required" to state an Eighth Amendment claim. *Standing Rock v. Larson*, Case No. 11-cv-00061, 2011 WL 6937511, at *5 (D. Mont. Dec. 8, 2011), *adopted by* 2012 WL 12464 (D. Mont. Jan. 3, 2012); *see also Ferguson v. Cai*, Case No. 11-cv-6181, 2012 WL 2865474, at *4 (S.D.N.Y. July 12, 2012) (holding "one-day delay" in receiving insulin was "insufficient to meet the objective component of the Eighth Amendment standard" because plaintiff experienced only "temporary" symptoms, including "temporary blindness, pain, and swelling in his leg").

### B.  Judge Baldwin's Findings of Fact

Contrary to Olsen's assertions, the Court finds that Olsen does not provide any evidence to show he suffered liver or internal damaged because of the delay in Hep-C treatment. Olsen asserts that he suffered Hep-C symptoms for years and was denied medical treatment by Defendants since 2000. (ECF No. 59 at 4.) According to Olsen, 20 years had passed before he was treated and thus, he suffered in pain before he received treatment. (*Id.* at 5.) This is contrary to Judge Baldwin's finding that Olsen had failed to show he suffered liver or internal damage due to the alleged delay in treatment. (*Id.*)

However, the records evidence that an ultrasound was performed on Olsen in February 2020, and the ultrasound showed "no focal abnormality of the liver." (ECF No. 53-3 (sealed).) Olsen also asserts that documents he submitted evidence the injury to his liver was *cirrhosis*.[4] (ECF No. 59 at 5 (citing ECF No. 50 at ¶¶ 32-35).) But Olsen's medical records from April 2020 noted that he does not have "decompensated cirrhosis." (ECF No. 53-2 at 5 (sealed).) Despite Olsen's contention that Defendants were deliberately indifferent to his Hep-C condition and did not treat him for 20 years, the injury Olsen alleges

---

[4]Cirrhosis is a late-stage scarring of the liver caused by many forms of liver disease and conditions, including hepatitis.

5

he suffered—cirrhosis—is unsupported by medical records. Nor do the documents that Olsen asserts he submitted evidence cirrhosis. As such, Olsen's argument that Judge Baldwin's findings of fact were clearly erroneous lacks merit, and the Court concludes that he has failed to show evidence of deliberate indifference to a serious medical need.

### C.  Controlling Law

Olsen next argues that Judge Baldwin incorrectly interpreted the facts and the applicable law when she reviewed the substantive standard for deliberate indifference under the Eighth Amendment. (ECF No. 59 at 7.) Olsen cites to cases out of the Third and Eleventh Circuits to argue that several courts have found deliberate indifference in various circumstances. (*Id.*) He additionally argues that Hep-C treatment "begins at METAVIR [Score] F2, as to prevent liver damage[.]" (*Id.* at 10.) The Court finds these arguments unpersuasive.

First, only Ninth Circuit cases are binding on this Court. Thus, Third and Eleventh Circuit cases are not controlling and Olsen's reliance on these cases does not strengthen his argument.[5] Second, to the extent that Olsen is arguing treatment for his Hep-C condition should have begun at METAVIR Score F2, the difference of opinion between Olsen and NDOC prison medical authorities regarding Olsen's treatment does not give rise to a claim under 42 U.S.C. § 1983. *See Franklin v. Or., State of Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.") Accordingly, this argument also lacks merit.

### D.  Notice of Defendants' Summary Judgment Motion

Finally, the Court finds that Olsen's notice arguments are unavailing. Olsen appears to argue that it was improper that he was not provided notice requiring him to act when Defendants filed a cross-motion for summary judgment. (ECF No. 59 at 11-12.) According

---

[5]The Court notes that in support of his first argument, Olsen cites to the same Eleventh Circuit case and a case from the Northern District of Florida. (*See* ECF No. 59 at 5-6.) For the same reasons here, Olsen's reliance on these cases do not strengthen his first argument.

1  to Olsen, because the Court's scheduling order (ECF No. 49) was delayed, Olsen was
2  unable to conduct discovery and introduce affidavit oppositions. (ECF No. 59 at 11-12.)
3  The Court issued a scheduling order on September 14, 2021, which specifically provided
4  that discovery must be completed no later than November 15, 2021, and that dispositive
5  motions must be filed by December 16, 2021. (ECF No. 49.) On September 22, 2021,
6  Olsen filed a motion for summary judgment under Rule 56(a). (ECF No. 50.) Defendants
7  filed a response and attached to that response a cross-motion for summary judgment on
8  October 13, 2021. (ECF Nos. 51, 55.) While the response and cross-motion are docketed
9  in the record separately, they are in fact the exact same document. Olsen thereafter filed
10 his Reply to Defendants' response to his summary judgment motion. (ECF No. 56.)

11 It is clear that Olsen had notice of Defendants' cross-motion for summary judgment
12 because he filed a Reply to the document in which it was contained yet failed to file a
13 response directly to Defendants' cross-motion for summary judgment. Although the Court
14 liberally construe documents filed by *pro se* litigants, Olsen's *pro se* status does not relieve
15 him of the duty to follow procedural rules—including deadlines to respond to motions. *See*
16 *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v.*
17 *Maricopa Cnty.*, 693 F.3d 896, 925-28 (9th Cir. 2012). Because it is apparent that Olsen
18 received Defendants' cross-motion for summary judgment, but failed to respond to their
19 arguments, the Court finds that he received proper notice. To the extent that Olsen seeks
20 to characterize the Court's scheduling order as delayed and causing him to be unable to
21 conduct discovery and introduced affidavit oppositions, Olsen could have sought to extend
22 discovery. *See* Fed. R. Civ. P. 29. However, Olsen failed to do so. As such, and for the
23 reasons stated herein, the Court is not persuaded by his arguments.

24 In sum, the Court is unconvinced by Olsen's arguments. The Court therefore finds
25 good cause to accept and adopt Judge Baldwin's R&R in full.

26 **V.    CONCLUSION**
27 It is therefore ordered that Olsen's Objection (ECF No. 59) is overruled.
28 It is further ordered that the Report and Recommendation of Magistrate Judge Carla

L. Baldwin (ECF No. 58) is accepted and adopted in full.

It is further ordered that Olsen's motion for summary judgment (ECF No. 50) is denied.

It is further ordered that Defendants' motion for summary judgment (ECF No. 55) is granted.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

DATED THIS 8th Day of April 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE